TRUCK OWNERS FREIGHT COMPANY, APPELLANT, V. EARNEST POLAND ET AL., APPELLEES.

10 N. W. (2d) 473

FILED JULY 13, 1943. No. 31626.

*E. F. Myers,* for appellant.

*Evans & Lee, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ., and TEWELL, District Judge.

WENKE, J.

This action was commenced in the justice court by the Truck Owners Freight Company, a corporation, as plaintiff, against Earnest Poland and Earl Poland, as defendants, seeking to obtain a judgment for $157.52 with interest and

costs. On appeal to the district court for Custer county, that court sustained the defendants' demurrer to plaintiff's second amended petition and the action was dismissed. From this ruling the plaintiff has appealed to this court.

During the pendency of the action Earl Poland, one of the defendants, died and the action was revived in the name of Ruey Poland as administratrix of his estate.

The question presented by this appeal is the sufficiency of plaintiff's second amended petition to state a cause of action against the defendants. A general demurrer admits the truth of well-pleaded facts in the petition but does not admit conclusions. The plaintiff's second amended petition alleges that the defendants, Earnest Poland and Earl Poland, were partners and owned and operated the Red Star Transfer of Sargent, Nebraska, and on October 21, 1939, they ordered from Mr. J. P. Johnson of Clear Lake, Iowa, doing business under the name of the Transport Tire Company, six tires which he in turn ordered from the Monarch Rubber Company of Hartville, Ohio, custom manufacturers of tires, to be sent C. O. D. The Monarch Rubber Company delivered these tires to the plaintiff, a common carrier, with directions to collect on delivery the sum of $157.52 and to route the shipment from Chicago to Omaha through Watson Bros. Through error the plaintiff turned the shipment over to Watson Bros. at Chicago without directions to collect the $157.52 and the tires were turned over to defendants at Omaha, Nebraska, without collection; thereafter, plaintiff asked the defendants to either pay for the tires or return them, which they failed to do. On March 11, 1941, the plaintiff paid the Monarch Rubber Company the sum of $157.52 and took an assignment of the claim. The defendants were obligated to either return the goods or pay for them, section 186, 13 C. J. S. 384: "A consignee who receives a C. O. D. shipment is bound either to pay therefor or return the goods;" and section 186, 13 C. J. S. 386: "Where a carrier delivers goods to the consignee without collecting the C. O. D. charges, and is compelled to pay the consignor the amount it should have collected, the carrier

has a right of action against the consignee for the money so paid." It appearing from the plaintiff's second amended petition that the tires were received by the defendants, that they were not returned or paid for and that the plaintiff had paid the consignor, the petition states a good cause of action.

While the plaintiff's second amended petition contains allegations that anticipate defenses which the defendants may set up and the parties ask that we determine what defenses are available to the defendants, however, these matters are not properly before this court and therefore cannot be passed on.

REVERSED.